UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VOLVO TRUCKS NORTH AMERICA, *a division of* VOLVO GROUP NORTH AMERICA, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Cause No. 1:12-cv-448-WTL-DKL |
| ANDY MOHR TRUCK CENTER, and ANDREW F. MOHR, | )<br>)<br>) |
| Defendants. | )<br>) |

### ENTRY ON MOTION FOR JUDGMENT ON THE PLEADINGS

This cause comes before the Court on Volvo's motion for judgment on the pleadings. Dkt. No. 51. The motion is fully briefed, and the Court rules as follows.

### I.     STANDARD

In reviewing a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the Court applies the same standard that is applied when reviewing a motion to dismiss pursuant to Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.,* 499 F.3d 629, 633 (7th Cir. 2007). The Court "take[s] the facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." *Id.* The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While there is no need for detailed factual allegations, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta*, 499 F.3d at 633 (citation omitted).

## II.     BACKGROUND

An abbreviated version of the facts as alleged in Mohr's Amended Complaint[1] are as follow. After its long-time dealer in central Indiana surrendered its dealership in 2010, Plaintiff Volvo Trucks North America ("Volvo") needed a prominent dealership presence in central Indiana. Volvo encouraged Defendant Mohr Truck to open a Volvo Trucks dealership under the Mohr name, seeking to benefit from the goodwill and sales and service reputation of president and owner Defendant Andy Mohr (collectively with Mohr Truck, "Mohr") and his automobile dealerships, which have operated with great success in the central Indiana region for years. During the course of Mohr's negotiations with Volvo, Mohr came to believe that combining a Volvo trucks franchise with a Mack trucks franchise under one dealership would yield substantial practical and financial synergies for Mohr that would be unavailable from either franchise standing alone. Sam Johnston, Vice President of Dealer Development for both Mack Trucks and Volvo Trucks, indicated that putting the franchises together under one dealership would be possible.

In early March 2010, Mohr traveled to Greensboro, North Carolina, and met with various executives of Volvo Trucks and Mack Trucks. During the course of these meetings, Volvo, through its executives, represented that it would grant Mohr a Mack Trucks franchise in a separate transaction and authorize Mohr to operate a Mack Trucks franchise if Mohr first entered into a separate agreement to become a Volvo Trucks dealer (the "Mack Trucks Misrepresentation"). Based on Mohr's conversation with these executives, Mohr later accepted its appointment as a Volvo Trucks dealer on the understanding that Volvo would also grant it a

---

[1] *Andy Mohr Truck Center, Inc. v. Volvo Trucks North America*, No. 1:12-cv-701-WTL-DKL, No. 17. Mohr's action was initially filed as a separate action under cause number 1:12-cv-701-WTL-DKL, but the case has since been consolidated with the suit filed by Volvo against Mohr under this cause number.

Mack Trucks franchise in a separate transaction. Thereafter Mohr entered into a Dealership Agreement (the "Agreement") with Volvo.

However, according to Mohr, Volvo executives were aware at the time each of them represented that they would award Mohr the Mack Trucks franchise that Volvo could not perform this promise. Volvo has since failed to award Mohr the Mack Trucks franchise and has refused to honor its agreement. Mohr now seeks relief in this Court.

On October 9, 2012, this Court denied Volvo's motion to dismiss certain of Mohr's claims.[2] The following claims against Volvo are still pending:

I. Violation of the Indiana Franchise Disclosure Act;

II. Unfair practices under Indiana Code 9-23-3;

III. Theft under the Indiana Crime Victims' Act;

IV. Breach of Written Contract;

V. Breach of Oral Contract;

VI. Promissory Estoppel.

Volvo now moves for judgment on the pleadings as to all claims.

### III.   DISCUSSION

#### A.   Mack Trucks Misrepresentation

Volvo argues that Mohr's claims I, II, III, V, and VI (all but the breach of written contract claim) are barred by the integration clause of the Dealer Agreement. Each of these claims is based on what the parties have termed the "Mack Trucks Misrepresentation." According to Volvo, the granting of a Mack Trucks franchise is provided nowhere in the Dealer Agreement and therefore it cannot be the basis of any of Mohr's claims.

---

[2] *Andy Mohr Truck Center, Inc. v. Volvo Trucks North America*, No. 1:12-cv-701-WTL-DKL, No. 31.

3

In Indiana, "where the parties to an agreement have reduced the agreement to a written document and have included an integration clause that the written document embodies the complete agreement between the parties, the parol evidence rule prohibits courts from considering parol or extrinsic evidence for the purpose of varying or adding to the terms of the written contract." *Truck City of Gary, Inc. v. Schneider Nat'l Leasing*, 814 N.E.2d 273, 278 (Ind. Ct. App. 2004). Here, the Dealer Agreement contains an integration clause, which provides: "This document and attachments, addenda, and the Portfolio of Criteria represent the entire Agreement between the Company and the Dealer, superseding all prior oral or written agreements or other communications." Dealer Agreement, Art. 11.1, No. 16-2. This integration clause applies with just as much force to Mohr as it does to Volvo: as a matter of law, there are no effective promises by Volvo that differ from the terms of the Dealer Agreement and any promises that Volvo made were superseded by the Dealer Agreement. Any reliance by Mohr on such promises is unreasonable as a matter of law.[3]

Mohr attempts to avoid application of the integration clause in two ways. First, he argues – correctly – that an integration clause does not bar introduction of evidence regarding fraudulent inducement. *E.g.*, *Wind Wire, LLC v. Finney*, 977 N.E.2d 401, 405 (Ind. Ct. App. 2012). However, as this Court has already held – and as Mohr has previously argued – fraudulent inducement requires a material misrepresentation of past or existing fact. *E.g.*, *Siegel v. Williams*, 818 N.E.2d 510, 515 (Ind. Ct. App. 2004). The Mack Trucks Misrepresentation is not a statement of past or existing fact. *Cf. Wind Wire*, 977 N.E.2d at 403-04 (defendant told plaintiffs that he was "highly qualified;" electric company purchased excess energy produced by wind

---

[3] Mohr does not argue that the attachments, addenda, or Portfolio of Criteria incorporate a Mack Trucks franchise term.

turbines; and installation of wind turbine entitled them to a tax credit, all of which the district court explained were false). This argument is therefore unavailing.

Mohr's second attempt to avoid application of the integration clause relates to his breach of oral contract claim and is addressed in that context.

### 1. Breach of Oral Contract (Claim V)

Mohr argues that the Mack Trucks Misrepresentation constitutes a separate oral agreement to which the integration clause in the Volvo agreement is irrelevant. With respect to this alleged separate Mack Trucks agreement, the Court denied Volvo's motion to dismiss insofar as Volvo raised only whether Mohr had adequately pled the elements of offer and mutual assent. Entry on Mot. to Dismiss at 5-6, No. 1:12-cv-701-WTL-DKL, ECF No. 31. In reply to Mohr's argument here, Volvo now takes a different – and more successful – tack. Volvo points out that what Mohr alleges in substance is a *promise* that he claims was part of the consideration provided by Volvo under the Volvo agreement. Mohr repeatedly argues that the Mack Trucks Misrepresentation constitutes a separate oral agreement, but Mohr's own factual allegations, taken at this stage as true, belie this argument. For example, in the "breach of oral contract" section of the Complaint, Mohr alleges that "Volvo Trucks agreed to provide Mohr Truck a Mack Trucks franchise in a separate transaction in exchange for Mohr Truck agreeing to operate a Volvo Trucks dealership." Am. Compl. at ¶ 80, 1:12-cv-701-WTL-DKL, ECF No. 17. If, as Mohr implies, Mohr entering into the Volvo Agreement was both necessary and sufficient to compel Volvo to award him a Mack Trucks franchise, that term should have been in the Volvo Agreement as it is part of the bargain he struck with Volvo regarding the Volvo dealership. That consideration is not recited anywhere in the agreement and any argument that this term should be read into the Volvo agreement is barred by the integration clause. In casting the Mack Trucks

5

dealership as consideration for entering into a Volvo dealership, Mohr has pleaded himself out of court on this breach of oral contract claim. Volvo is therefore entitled to judgment on the pleadings on this claim. The Court turns now to Mohr's remaining claims against Volvo.

### 2.  *Promissory Estoppel (Claim VI)*

In the alternative to a claim for breach of the oral Mack Trucks "agreement," Mohr pleads promissory estoppel, which permits recovery in the absence of a contract. *E.g.*, *Hinkel v. Sataria Distrib. & Packaging, Inc.*, 920 N.E.2d 766, 771 (Ind. Ct. App. 2010). Such a claim requires: (1) a promise by the promisor; (2) made with the expectation that the promisee will rely thereon; (3) which induces reasonable reliance by the promisee; (4) of a definite and substantial nature; and (5) injustice can be avoided only by enforcement of the promise. *Id.* However, as pled, the Mack Trucks Misrepresentation formed part of the consideration for the Volvo agreement, yet it is nowhere to be found in its terms. There is, therefore, a concededly valid and enforceable contract purporting to cover the subject matter – the consideration provided by Volvo to Mohr for entering into a Volvo franchise agreement.[4] Even if the mere existence of the contract did not preclude this claim, the integration clause precludes the establishment of the first and third elements of a promissory estoppel claim. As such, Volvo is entitled to judgment on the pleadings on Mohr's claim for promissory estoppel.

---

[4] In the same way, the Court dismissed Volvo's promissory estoppel claim for the Dealer Application Promises because the promises as pled were subsumed by the Dealer Agreement and reliance thereon was barred by the integration clause.

### 3.     *Indiana Franchise Disclosure Act (Claim I)*

Mohr alleges that Volvo's conduct violates the Indiana Franchise Disclosure Act (the "IFDA"), specifically Indiana Code 23-2-2.5-27.[5] Under that section, it is unlawful for any person in connection with the offer, sale, or purchase of any franchise directly or indirectly:

(1)     to employ any device, scheme or artifice to defraud;

(2)     to make any untrue statements of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of circumstances under which they are made, not misleading; or

(3)     to engage in any act which operates or would operate as a fraud or deceit upon any person.

Mohr alleges that the Mohr Trucks Misrepresentation violates each of these three sections.[6] Unlike fraudulent inducement, "fraud" and deceit" under the IFDA include "any promise or representation or prediction as to the future not made honestly or in good faith." Ind. Code 23-2-2.5-1. *Contra Hardee's of Maumelle, Ark., Inc. v. Hardee's Food Sys., Inc.*, 31 F.3d 573, 578 (7th Cir. 1994) (citing *Master Abrasives Corp. v. Williams*, 469 N.E.2d 1196, 1201 (Ind. Ct. App. 1984) and *Enservco, Inc. v. Indiana Sec. Div.*, 605 N.E.2d 256, 265 (Ind. App. Ct. 1992), *rev'd*, 623 N.E.2d 416, 423 (Ind. 1993)) ("At the time of the district court's decision, private recovery actions under § 27 required a showing of material misrepresentation of a past or existing fact."). Therefore, at least insofar as they relate to an act in the future, Mohr's allegations regarding the Mohr Trucks Misrepresentation are sufficient under the IFDA.

---

[5] The IFDA creates a private right of action only for acts which constitute fraud, deceit, or misrepresentation. *Cont'l Basketball Ass'n v. Ellenstein Enters., Inc.*, 669 N.E.2d 134, 137 (Ind. 1996).

[6] With respect to the IFDA and the Indiana Unfair Practices Act, neither Mohr nor Volvo argues that these sections are wholly inapplicable to them. *See* Ind. Code 23-2-2.5-1; 23-2-2.5-2; *Ford Motor Credit Co. v. Garner*, 688 F. Supp. 435 (N.D. Ind. 1988) (construing "manufacturer" and "dealer").

Nevertheless, Volvo is entitled to judgment on the pleadings as to this claim. The core elements of a claim under the IFDA are "a statement or omission, materiality, and falsity," *Enservco, Inc.*, 623 N.E.2d at 423, and the lower Indiana courts have also read a "reasonable reliance" element into fraud under the IFDA. *Hardee's*, 31 F.3d at 579 (citing *Master Abrasives Corp.*, 469 N.E.2d at 1201, *disapproved of on other grounds by Enservco*, 623 N.E.2d at 425). For the reasons already explained, the integration clause renders Mohr's reliance on the Mack Trucks Misrepresentation unreasonable as a matter of law. Volvo is therefore entitled to judgment on the pleadings as to Mohr's IFDA claim.

### 4. Unfair Practices (Claim II)

Mohr also alleges a violation of the Indiana Unfair Practices Act, which provides that "[i]t is an unfair practice for a manufacturer or distributor to violate IC 23-2-2.7." Ind. Code 9-23-3-7. The referenced section of the Indiana Code makes it unlawful for a franchisor to use deceptive advertising or engage in deceptive acts in connection with the franchise or the franchisor's business in the process of entering into any franchise agreement with a franchisee. Ind. Code 23-2-2.7-2(8). Mohr alleges that the Mack Trucks Misrepresentation is deceptive conduct under this section. According to Volvo, it is entitled to judgment on the pleadings as to this claim because Mohr was not legally entitled to rely on the Mack Trucks Misrepresentation. However, at least on its face, the statute does not require reliance, and Volvo has not pointed to any statutory section or case to the contrary. Mohr's claim is therefore not subject to judgment on the pleadings on that basis. Because Volvo has articulated no other legal basis for judgment, its motion as to this claim must be denied.

### 5. *Indiana Crime Victims' Act (Claim III)*

Mohr's third claim for relief alleges a violation of Indiana's Crime Victims' Act (the "CVA"). The CVA provides that a person who suffers a pecuniary loss as a result of a violation of Indiana Code 35-43 may bring a civil action against the person who caused the loss. Ind. Code 34-24-3-1. In pertinent part, Indiana Code 35-43-4-2 provides that "[a] person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft." Control is "unauthorized" for purposes of the statute if it is exerted by, *inter alia*, creating, confirming, or failing to correct a false impression in another person, or promising performance that the promisor knows will not be performed. Ind. Code 35-43-4-1(b)(4)-(6). Volvo contends that because any reliance by Mohr on the Mack Trucks Representation was unreasonable, it is entitled to judgment on the pleadings as to this claim.

In order to prove theft by creating a false impression, the claimant must establish that he relied on the false impression, but he is not required to show that his reliance was reasonable. *Ruse v. Bleeke*, 914 N.E.2d 1, 9 (Ind. Ct. App. 2009). However, the representations creating the false impression must be of a past or existing fact. *Id.* The Mack Trucks Misrepresentation, a statement regarding future conduct, therefore cannot be the basis of the claim of theft by false impression.

Mohr argues in the alternative that Volvo is liable under the CVA for promising performance that Volvo knew would not be performed. Ind. Code 35-43-4-1(b)(6). This provision clearly contemplates statements regarding future acts and is not subject to judgment on the pleadings on that basis. Volvo has articulated no other reason why this part of Mohr's CVA claim is subject to dismissal, and Volvo's motion on this part of the claim is therefore denied.

### B. Breach of Written Contract (Claim IV)

Mohr's breach of written contract claim goes to the written Dealer Agreement, which Mohr alleges Volvo breached when it failed to provide him the "support" required. Immediately after Mohr opened the Volvo Trucks dealership, Mohr learned that a company was interested in purchasing 16 trucks for $1.6 million. Volvo failed to adhere to the contract requiring it to provide "effective sales, Parts, and service support" as well as "support the Dealer in achieving its customer service objectives," according to Mohr, because it did not grant Mohr any price concessions to enable it to make the sale to this company at the price it demanded. Volvo also failed to adhere to the contract when it filed suit in federal court against Mohr.

Volvo argues that the relief sought by Mohr – recovery of the "impaired value of the Mohr Truck Volvo franchise" – is barred by the Limitation of Remedies and Damages provision in the Dealer Agreement. That provision provides:

> A limitation of remedies and damages will apply to any action, suit, other proceeding, or dispute between the Company and the Dealer arising out of or relating to:
> - the performance of this Agreement
> - the manufacturer-dealer relationship
> - any warranty the Company or Dealer gives to a Product purchaser or lessee.
>
> The limitation is as follows:
>
> ***NEITHER THE COMPANY NOR THE DEALER MAY RECOVER CONSEQUENTIAL DAMAGES, INCIDENTAL DAMAGES, OR OTHER INDIRECT OR SPECIAL DAMAGES OR LOSSES SUCH AS, BUT NOT LIMITED TO, LOSS OF:***
> - ***PROFITS***
> - ***GOODWILL***
> - ***BUSINESS OPPORTUNITY***

Dealer Agreement, Art. 10.2, No. 16-2 (so in original). Mohr argues that Volvo "misstates the damages that Mohr Truck seeks." Mohr's Resp. at 11, No. 54. According to Mohr, it seeks the

"benefit of the bargain" – a franchise of the value Volvo promised. Mohr contends that such ordinary damages are not barred by the provision, which applies only to "extraordinary" forms of relief. Mohr's Resp. at 12, No. 54. The Court agrees with Volvo. What Mohr glosses over is the fact that the value of a franchise is measured in terms of profit, goodwill, and business opportunity. Recovery for the impaired value of the franchise is thus recovery for the loss of profit, goodwill, and business opportunity, all of which are barred by the limitation of remedies provision. Volvo is therefore entitled to judgment on the pleadings as to Mohr's claim for breach of written contract.[7]

## IV.  CONCLUSION

Volvo's motion for judgment on the pleadings as to Mohr's claims for breach of oral contract, promissory estoppel, Indiana Franchise Disclosure Act, and breach of written contract is **GRANTED**.

It is **GRANTED IN PART** as to Mohr's claim for fraud by false impression under the CVA and **DENIED IN PART** as to Mohr's claim for promised performance under the CVA.

Volvo's motion is **DENIED** as to Mohr's claim for deceptive acts under the Indiana Unfair Practices Act.

SO ORDERED:  06/14/2013

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.

---

[7] Mohr does not argue that the provision is unenforceable; he argues only that it is inapplicable to recovery he seeks.

11