UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VOLVO TRUCKS NORTH AMERICA a division of VOLVO GROUP NORTH AMERICA, LLC, Plaintiff, VS. ANDY MOHR TRUCK CENTER and, ANDREW F. MOHR, Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO:<br>1:12-cv-0448 WTL-DKL |

## PLAINTIFF'S OBJECTIONS AND MOTION TO LIMIT EXPERT TESTIMONY

Plaintiff Volvo Trucks North America, a division of Volvo Group North America, LLC ("Volvo Trucks" or "Plaintiff"), files these Objections and Motion to Limit Expert Testimony of Defendants Andy Mohr Truck Center, Inc. ("AMTC") and Andrew F. Mohr ("Mohr") (collectively "Defendants" or "Mohr"), for the reasons set forth herein.

1. Rule 26(a)(2)(B) requires an expert's written report to contain "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the data or other information considered by the witness in forming them." Fed.R.Civ.P. 26(a)(2)(B)(i)-(ii). *See also*, *Welsh v. Eli Lilly & Co.*, No. 1:06-cv-0641, 2009 WL 700199 at * 4 (S.D. Ind., March 16, 2009)(citing *inter alia*, *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998)(affirming exclusion of late report presented as "supplement"); *Coles v. Perry*, 217 F.R.D. 1, 3 (D.D.C. 2003)(striking late filed expert report as "supplemental opinion")).

2. The CMP required that any party who wishes to limit or preclude expert testimony at trial file any such objections no later than July 8, 2013. Dkt. No. 56, PageID# 613

at ¶ III. (H). The Court amended that particular deadline to September 6, 2013. Dkt. No. 127, PageID# 2024.

3.  Defendants provided a synopsis of the counterclaim in the CMP wherein Defendants stated:

(A)  "Mohr alleged that Volvo Trucks made material misrepresentations by agreeing to grant it a Mack Trucks franchise in exchange for Mohr Truck's agreement to operate a Volvo Trucks franchise in central Indiana." *Quoting* Dkt. No. 56 at PageID# 612, ¶ II. (B).

(B)  "Mohr Truck alleges that Volvo Trucks breached its dealership agreement with Mohr Truck by failing to provide the level of support that was contractually required." *Id*.

Defendants' synopsis is consistent with the actual counterclaim, as amended, on file with the Court.

4.  The CMP required that any party who intends to use expert testimony serve the report on or before April 15, 2013. Dkt. No. 56 at PageID# 613, ¶ III. (F). The Court extended this deadline by one day on the parties' joint motion. Dkt. No. 75, PageID# 772. Defendants timely served their report. **Exhibit 1** (redacted report without its exhibits).

5.  The CMP also required that the report of any rebuttal expert be served by May 15, 2013. Dkt. No. 56 at PageID# 613, ¶ III. (F). On joint motion, the Court extended Volvo Trucks' deadline to serve a rebuttal expert report to May 29, 2013. Dkt. No. 87, PageID# 831 at ¶ 3. Volvo Trucks timely served its expert's rebuttal report.

6.  Defendants' designated expert purports to reserve a right to amend or prepare further reports. **Exhibit 1** at ¶ 5. One possible reason for this expert having purported to reserve such a right is found in paragraph 4 of the report. Defendants' designated expert was only "asked by counsel … to ascertain the profits lost by Mohr Trucks as a result of a promise and

agreement by Volvo Trucks North America ("Volvo Trucks") to grant a Mack Trucks franchise to Mohr Trucks." *Quoting* **Exhibit 1** at ¶ 4.

7. The report candidly stated that no estimate of damages was determined had Mohr Truck actually obtained the Mack Trucks franchise and had expanded its business to include such lost revenues. **Exhibit 1** at ¶ 7. On this, the designated expert purports to reserve a right to supplement that aspect of alleged damage. *Id*.

8. The report also candidly stated that no calculation of prejudgment interest was made, and another purported reservation to supplement was made. **Exhibit 1** at ¶ 6, fns. 2 and 3.

9. The report went further to candidly acknowledge that, while the designated expert knew that Mohr Truck alleged that Plaintiff "failed to support Mohr Truck's efforts," Defendants' designated expert has "not estimated the damages suffered by Mohr Trucks (*sic*.) "as a result of Volvo Trucks' failures to support Mohr Trucks." *Quoting* **Exhibit 1** at ¶ 8. Once more, the report purports to reserve a right to supplement. *Id*.

10. The Court previously found that "[i]f as Mohr implies, Mohr entering into the Volvo Agreement was both necessary and sufficient to compel Volvo to award him a Mack Trucks franchise, that term should have been in the Volvo Agreement as part of the bargain he struck with Volvo regarding the Volvo dealership. That consideration is not cited anywhere in the agreement and any argument that this term should be read into the Volvo agreement is barred by the integration clause." (*Quoting* Dkt. No. 112, PageID# 1559). The Court then found that "[i]n casting the Mack Trucks dealership as consideration for entering into a Volvo [Trucks] dealership, Mohr has pleaded himself out of court on this breach of oral contract claim. (Dkt. No. 112, PageID# 1559-60). The Court also dismissed Mohr Trucks' claim for promissory

estoppel, *id.* at PageID # 1560, and Mohr Truck's claim under the Indiana Franchise Disclosure Act, *id.* at PageID# 1561-62. Therefore, Defendants' designated expert should not be allowed to offer any testimony, and Plaintiff hereby objects to the offering of any expert testimony, as to alleged damages sustained by Mohr Truck "as a result of a promise and agreement by Volvo Trucks North America ("Volvo Trucks") to grant a Mack Trucks franchise to Mohr Trucks."

11. Mohr Truck alleged that Volvo Trucks breached its dealer agreement by failing to provide Mohr Truck with "support." However, the Court dismissed Mohr Truck's breach of written contract claim. (Dkt. No. 112, PageID# 1564-65.) Defendants designated expert should not be allowed to offer any testimony, and Plaintiff hereby objects to the offering of any expert testimony, as to any alleged damages sustained by Mohr Truck as a result of Volvo Trucks' alleged "lack of support."

12. Mohr Truck has filed a motion requesting that the Court reconsider its order dismissing the breach of contract claim by arguing that the limitation of remedies clause is unenforceable. Plaintiff will not rehash its opposition to that motion. But Plaintiff will note that a motion for reconsideration serves a valuable, but limited, purpose: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996). Importantly, a motion to reconsider is not appropriate for the purpose of rehashing rejected arguments or for arguing matters that could have been heard during the pendency of the previous motion. *Id.* As the Court observed in its order dismissing the breach of written contract claim, Defendants did not argue that the limitation of remedies clause was unenforceable; Defendants argued only that the clause was inapplicable to the recovery that Mohr Truck sought. Dkt. No. 112, PageID# 1565 at fn. 7. Clearly, Defendants had an opportunity in their prior briefing to raise the argument that the

4

clause was unenforceable but they did not do so. And a motion to reconsider is not appropriate to raise new arguments that could have been made before. Thus, Defendants' designated expert should not be allowed to offer any testimony, and Plaintiff hereby objects to the offering of any expert testimony, as to alleged damages sustained by Mohr Truck as to any alleged damages sustained by Mohr Truck as a result of Volvo Trucks' alleged "lack of support."

13. Even assuming for argument sake that the Court reconsiders its prior order and should reinstate Mohr Truck's breach of written contract claim, Defendants should not be allowed to offer any expert testimony as to alleged damages in support of such a claim. Mohr Truck's breach of written contract claim had not been dismissed before Defendants' deadline to serve their expert report had expired. Defendants, in fact, had served their expert report almost two months to the day before the Court issued its order dismissing Mohr Truck's breach of written contract claim. If Defendants intended to offer expert testimony on Mohr Truck's breach of written contract claim, Defendants should have served, by April 16, 2013, an expert report containing the basis and methodology used for the computation of damages alleged to have been sustained by Mohr Truck as a result of Volvo Trucks' "failure to support." Defendants failed to do so. Therefore, even if the Court were to reinstate Mohr Truck's breach of written contract claim, Defendants' designated expert should not be allowed to offer any testimony, and Plaintiff hereby objects to the offering of any expert testimony, as to alleged damages sustained by Mohr Truck for breach of written contract.

14. Mohr Truck also alleges a claim that Plaintiff violated the Indiana Crime Victims Act. Defendants' designated expert has provided no opinions about or any calculation of alleged damages sustained by Mohr Truck as a result of the purported violation of the Indiana Crime Victims Act. Defendants' designated expert should not be allowed to offer any testimony, and

5

Plaintiff hereby objects to the offering of any expert testimony, as to alleged damages sustained by Mohr Truck for violation of the Indiana Crime Victims Act.

15. As to all active claims or any potentially reinstated breach of written contract claim Mohr Truck alleged, Defendants should not be permitted to amend or supplement their expert report because: (1) the deadline to serve expert reports has long passed; (2) prior to the April 16, 2013 deadline, Defendants' could have completed their expert report to include a basis for and computation of damages as to the alleged "lack of support" claim, or the violation of the Indiana Crime Victims Act, or a computation of pre-judgment interest; (3) the deadline to complete discovery ended on August 9, 2013; and (4) prior to the August 9 deadline, Defendants could have moved for leave to amend or supplement their expert report, but they did not do so; and they could have amended or supplemented their report upon a timely motion for leave with good cause shown. Accordingly, Defendants' designated expert should not be allowed to supplement or amend his report, and Plaintiff hereby objects to any supplement or amendment of Defendants' expert report, as to any or all purported damages sustained by Mohr Truck.

## Prayer

Plaintiff objects to any amendment or supplementation of Defendants' expert report or any expansion of his testimony beyond that which is contained in his report dated April 15, 2013. Plaintiff has filed its motion for summary judgment as to its declaratory judgment and against those claims that remain by Mohr Truck against Plaintiff. Should Plaintiff not obtain its declaratory judgment or the summary judgment against all remaining claims by Mohr Truck, Plaintiff also requests that the Court limit the testimony of Defendants' designated expert only to those claims of Mohr Truck that do remain for trial and then only to what is set forth by him in his report dated April 15, 2013 as such may apply, if at all, to existing claims left to be tried to a

jury.  Plaintiff also requests that the Court prohibit Defendants from amending or supplementing their expert report.  Plaintiff further requests all other relief to which it is entitled.

DATED:  September 6, 2013.

          Respectfully submitted,

          BAKER & HOSTETLER LLP

          By: /s/ David R. Jarrett
            David R. Jarrett (20609-06)
            Texas Bar No. 00792188
            811 Main, Suite 1100
            Houston, Texas 77002
            (713) 751-1600 (Phone)
            (713) 751-1717 (Fax)
            djarrett@bakerlaw.com

            Billy M. Donley
            Texas Bar No. 05977085 (*pro hac vice*)
            811 Main, Suite 1100
            Houston, Texas 77002
            (713) 751-1600 (Phone)
            (713) 751-1717 (Fax)
            bdonley@bakerlaw.com

            Attorney-in-Charge for Plaintiff

            James W. Riley, Jr. (6073.49)
            Riley Bennett & Egloff, LLP
            141 East Washington Street
            Fourth Floor
            Indianapolis, Indiana 46204
            (317) 636-8000
            (317) 636-8027
            jriley@rbelaw.com

          ATTORNEYS FOR PLAINTIFF VOLVO
          TRUCKS NORTH AMERICA a division of
          VOLVO GROUP NORTH AMERICA, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been filed electronically on this 6th day of

September, 2013.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system:

>Robert D. MacGill
>Mark J. Crandley
>Jessica M. Lindemann
>BARNES & THORNBURG LLP
>11 South Meridian Street
>Indianapolis, Indiana 46204

      /s/ David R. Jarrett
     David R. Jarrett (20609-06)