**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| VOLVO TRUCKS NORTH AMERICA | § | |
| a division of VOLVO GROUP NORTH | § | |
| AMERICA, LLC, | § | |
|     Plaintiff, | § | |
| | § | CIVIL ACTION NO: |
| | § | 1:12-CV-00448 WTL-DKL |
| VS. | § | |
| | § | |
| ANDY MOHR TRUCK CENTER and | § | |
| ANDREW F. MOHR, | § | |
|     Defendants. | § | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE**
**SECOND REBUTTAL REPORT OF HERBERT WALTER**

Volvo Trucks North America has offered a purported "rebuttal" expert report of Herbert Walter. Walter, however, concedes that over half of his report is not a rebuttal at all. Gary Kleinrichert, the expert whose report Walter purports to rebut, offered opinions only as to damages flowing from Volvo's failure to support through price discrimination. Walter, however, attempts to offer opinions as to liability for failure to support, an issue Kleinrichert did not address. Aside from the fact Walter is unqualified to issue liability opinions – which will be the subject of a separate motion to exclude under *Daubert* – such opinions are well beyond the scope of a proper rebuttal report and should be stricken on that basis.

**I.        Procedural Background**

Gary Kleinrichert submitted his initial expert report in this case on April 15, 2013. Kleinrichert's initial report was limited to calculating the lost profits Mohr Truck suffered as a result of Volvo's reneging on its agreement to provide Mohr Truck a Mack franchise. Kleinrichert Report Dated April 15, 2013, ¶ 4.  Kleinrichert reserved the right to add analysis pertaining to damages from Mohr Truck's breach of contract claim for lack of support, as Volvo

1

had not yet produced discovery on that issue.  *Id.* at ¶ 8.  On May 29, 2013, Herbert Walter issued a rebuttal to Kleinrichert's first report.   Walter agreed with Kleinrichert's general methodology and damages model, but took issue with certain inputs and assumptions Kleinrichert made regarding the estimated gross profit margin and cost structure of the Mohr Truck combined Mack-Volvo dealership.  Walter Reported Dated May 29, 2013, ¶ 7.

As the Court is aware, after Kleinrichert issued his initial report, the Court ordered discovery on the failure to support claim.  Dkt. 107, PageID #'s 1544-47.  Subsequently, the Court granted Volvo judgment on the pleadings.  Dkt. 112, PageID # 1565.  As a result of that ruling, the Court determined that Mohr Truck was no longer entitled to support-related discovery.  Dkt. 116, PageID #'s 1584-85.

On October 17, 2013, the Court revived the failure to support claim and subsequently ordered that discovery proceed on that claim.  Dkt. 157, PageID # 2446 (reviving the claim); Dkt. 197, PageID # 3827 (ordering discovery).  Accordingly, the parties engaged in additional discovery regarding Volvo's support with respect to new truck pricing and along other dimensions.

After the renewed discovery period concluded, the Court held a telephonic conference with the parties discussing, among other things, a schedule for supplemental expert reports on the failure to support issues.  Mohr Truck expressed its intention to file a supplemental expert report on these issues.  Volvo never asked to file an affirmative expert report but stated that it would like the opportunity to rebut Mohr Truck's supplemental report.  Accordingly, the Court issued an order setting deadlines for Mohr Truck to file its supplemental expert report and for Volvo to file a rebuttal to that report.  Dkt. 218.  The Court noted that the deadlines conflicted with the final pretrial conference and trial dates, and directed the parties to file a motion to vacate and

reset those dates in order to give Mohr Truck time to file its report and Volvo time to respond to the report. *Id.* The Order did not contemplate that Volvo would file its own expert report on the failure to support claim.

On May 8, 2014, in accordance with the Court's order, Kleinrichert issued his second expert report, which was limited to damages flowing from Volvo's failure to support Mohr Truck. Kleinrichert Report Dated May 8, 2014, ¶ 4 (Attached hereto as Exhibit 1 [sealed]). Kleinrichert testified that he was not offering an opinion as to whether Volvo had or had not supported Mohr Truck. Kleinrichert Dep. 20:24-23:25 (Attached hereto as Exhibit 2). Instead, he was offering a model for calculating damages in the event the jury determined that Volvo had not supported Mohr Truck. *Id.* Walter was present during Kleinrichert's deposition, which took place on May 28, 2014.

On June 19, 2014, Walter offered a "rebuttal" to Kleinrichert's second expert report. Walter declares at the beginning of his report that Baker & Hostetler LLP engaged him to perform two distinct tasks: (1) "assess the level of support provided by Volvo Trucks to Andy Mohr Truck Center," and (2) "review and comment on the report of Gary Kleinrichert, dated May 8, 2014[.]" Walter Report Dated June 19, 2014, ¶ 3 (Attached hereto as Exhibit 3 [sealed]). The first of these tasks is beyond the scope of rebutting Kleinrichert's second expert report. Walter also recognized that Kleinrichert had not offered an opinion as to the underlying issue of failure to support. *Id.* at ¶¶ 4 & 44. Nevertheless, paragraphs 8 through 44 of his rebuttal focus on that question. Moreover, at his deposition, Walter recognized that his second rebuttal report contained opinions that were not intended to rebut Kleinrichert.[1]

---

[1] Mohr Truck deposed Herbert Walter on July 1, 2014 in Washington D.C. A copy of the deposition transcript was not available at the time of this filing on July 3, 2014.

## II.      Argument

### A.      Legal Standard

As courts have repeatedly stated, "[t]he proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party."  *Bowman v. Int'l Bus. Mach. Corp.*, No. 1:11-CV-0593-RLY-TAB, 2013 WL 1857192, at \*7 (S.D. Ind. May 2, 2013) (quoting *Peals v. Terre Haute Police Dep't,* 535 F.3d 621, 630 (7th Cir.2008) (citation omitted)); *see also Blake v. Securitas Sec. Servs., Inc.*, 292 F.R.D. 15, 17 (D.D.C. 2013) (noting that under Rule 26(a)(2)(D)(ii), rebuttal evidence is only permitted where offered "solely to contradict or rebut evidence on the same subject matter identified by another party").  Rebuttal is not the time to offer new analyses that should have been offered in a party's case in chief.  *See Bowman*, 2013 WL 1857192 at \*7 ("[A] rebuttal report is one that contradicts or rebuts the arguments or opinions of the opposing party's experts, not one that contains entirely new analyses.") (internal citations and quotation marks omitted); *Blake*, 292 F.R.D. at 17 (rebuttal testimony "cannot be used to advance new arguments or new evidence") (citation omitted); *Baldwin Graphic Sys., Inc. v. Siebert, Inc.,* No. 03 C 7713, 2005 WL 1300763, at \*2 (N.D.Ill. Feb. 22, 2005) ("The rebuttal expert report is no place for presenting new arguments.").  Accordingly, "if the testimony is offered only as additional support to an argument made in a party's case in chief, it cannot be considered rebuttal evidence."  *Bowman*, 2013 WL 1857192 at \*7 (citation and internal quotation marks omitted).  Such improper rebuttal evidence should appropriately be stricken.  *See id.*; *Blake*, 292 F.R.D. at 17-19 (striking improper rebuttal testimony).

4

**B.     Paragraphs 6 through 44 of Walter's Second Rebuttal Report Are Not Proper Rebuttal, as They Are Beyond the Scope of Kleinrichert's Second Report.**

Walter admits that Kleinrichert did not offer an opinion as to whether or not Volvo had discriminated on the basis of price.  Walter Report Dated June 19, 2014, ¶ 4.  Notwithstanding that admission, Walter undertook to analyze the price concessions Volvo gave its dealers (the "RSA data") in an effort to determine whether those concessions fell along a normal distribution.

Walter's "rebuttal" analysis is untethered to any analysis in Kleinrichert's report.  Indeed, Walter unequivocally testified that parts of his report were not offered to rebut Kleinrichert at all.[2]  Instead, Walter offered affirmative opinions that should have been submitted – if at all – at the same time Kleinrichert issued his second expert report.  Instead, Volvo opted to sandbag, failing to notify this Court and Mohr Truck of its intent to file an expert opinion on liability during the April 25, 2014 teleconference where this Court set the expert report deadlines.  Dkt. 218.  Volvo waited to offer its opinions until it knew Mohr Truck would not have the opportunity to fully address in a reply.  The type of analysis performed by Walter, while perfunctory and unconvincing, requires a different type of expertise than a damages analysis.  Mohr Truck has no opportunity to rebut Walter's new analysis.

To avoid this unjust result, courts have repeatedly stricken so-called rebuttal expert reports that go beyond the scope of the initial expert report.  *See, e.g.*, *Bowman*, 2013 WL 1857192 at *6-8; *Blake*, 292 F.R.D. at 18 ("Where a party attempts to designate as a "rebuttal" expert someone whose proposed testimony is beyond the scope of appropriate rebuttal, that

---

[2] To the extent Volvo argues that Walter's analysis is offered to rebut the assumption of liability, such a rule would go too far.  Damages experts routinely assume liability.  If that assumption were open to question on rebuttal, parties would have little incentive to offer initial expert reports, as virtually anything would be fair game in rebuttal. *Bowman*, 2013 WL 1857192 at *6-8 (holding that a party does not have "free reign to produce a rebuttal report containing additional analysis on the basis that this is the same subject matter of the initial report"); *Vu v. McNeil-PPC, Inc.*, No. CV091656ODWRZX, 2010 WL 2179882, at *3 (C.D. May 7, 2010) (rejecting argument that opinion as to alternate theories of cause of death covered the same "subject matter" as initial expert report and striking rebuttal report).

witness may be viewed as an initial expert who was not timely designated and whose testimony may be struck by the Court for violating Rule 26(a) and the Court's governing scheduling order."); *Donell v. Fidelity Nat'l Title Agency of Nev.*, No. 2:07-CV-00001, 2012 WL 170990, at *4 (D. Nev. Jan. 20, 2012) (("[I]t is clear that Brooks was always intended to testify as an initial expert witness for the Plaintiff.  Plaintiff failed to designate him as an initial expert and is now improperly attempting to use him as a rebuttal expert to obtain an extension of the deadline for designating an initial expert."); *Ashike v. Mullen Crane & Transp., Inc.*, No. 2:12-CV-0011, 2014 WL 61142, at *3-4 (D. Utah Jan. 8, 2014) (striking expert reports that were offered to bolster plaintiff's case in chief and failed to address the conclusions and methodologies of underlying report).  For example, in *Vu v. McNeil-PPC, Inc.*, No. CV091656ODWRZX, 2010 WL 2179882 (C.D. Cal. May 7, 2010), the court rejected an argument that a supposed rebuttal expert should be entitled to opine on alternative causes of death because an initial expert had opined on the cause of death.  The court noted that if the scope of rebuttal were that broad, it would "blur the distinction between 'affirmative expert' and 'rebuttal expert.'" *Id.* at *3.  This would lead to unjust results, such as the inability to rebut opinions outside the scope of the affirmative expert report.  *Id.*  The court properly deemed this practice "a hornbook example of sandbagging, a litigation tactic this Court will not tolerate." *Id.*

The opinions offered by Walter go well beyond the rebuttal expert opinions cited herein that have been stricken as exceeding the scope of the affirmative expert report.  The opinions in *Vu* at least both dealt with cause of death.  If a tort resulting in death were at issue in this case, Kleinrichert would be opining on the damages resulting from the death, while Walter would be opining on cause of death.  That is even further afield than the result rejected in *Vu*.  Similarly, in *Bowman*, this District rejected an expert report as improper rebuttal where it introduced new

6

methodologies targeted at the same general subject matter.  Again, here, the topic addressed by Walter's report is explicitly not addressed by Kleinrichert's report.

## III.    Conclusion

For the foregoing reasons and each of them, Andy Mohr Truck Center respectfully requests that the Court grant its motion to strike (1) Paragraphs 8 through 44, 60, and 61, (2) Attachments 1 through 31, and (3) Appendix 1 through 55 of the Second Rebuttal Report of Herbert Walter dated June 19, 2014, and enter all other just and proper relief.

Dated: July 3, 2014

Respectfully submitted,

BARNES & THORNBURG LLP

*/s/ Robert D. MacGill*_____
Robert D. MacGill (#9989-49)
Mark J. Crandley (#22321-53)
Jessica M. Lindemann (#31058-49)
Justin D. Rumer (#31494-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone:  (317) 236-1313
Facsimile:  (317) 231-7433
E-mail:       rmacgill@btlaw.com
                  mcrandley@btlaw.com
                  jessica.lindemann@btlaw.com
                  justin.rumer@btlaw.com

*Attorneys for Andy Mohr Truck Center, Inc. and Andrew F. Mohr*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically this 3rd day of July, 2014.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system:

David R. Jarrett
Billy M. Donley
BAKER & HOSTETLER LLP
1000 Louisiana, Suite 2000
Houston, Texas 77002
bdonley@bakerlaw.com
djarrett@bakerlaw.com

James W. Riley
RILEY BENNETT & EGLOFF, LLP
141 East Washington Street
Fourth Floor
Indianapolis, Indiana 46204
jriley@rbelaw.com

*/s/ Robert D. MacGill*

INDS02 1327980v1

8